(No. 81-CV-0339- )

*In re* APPLICATION OF ADELINE WEINSTEIN, Executor of the Estate of Louis Cassel.

*Order filed January 24, 1983.*

ADELINE WEINSTEIN, *pro se,* for Claimant.

NEIL F. HARTIGAN, Attorney General (LYNN ROSEN-THAL MAYER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on February 24, 1980. Adeline Weinstein, executor of the estate of the deceased victim, Louis Cassel, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This claim was filed on or about October 24, 1980. Thereafter, based upon the investigatory report submit-

ted by the Attorney General of the State of Illinois and the other documentary evidence, the Court on May 7, 1981, entered an order denying the application for compensation on the grounds that an estate is not eligible under the Act. Claimant filed her objections to said order and requested a hearing.

The hearing was conducted by commissioner Dennis M. Fleming, on the 30th day of August 1982, at Chicago, Illinois. As a result of said hearing, the following facts were stipulated:

Claimant is the daughter and executor of Louis Cassel, who was the innocent victim of a murder on the 24th day of February 1980.

The only issue before the Court is whether or not the estate can be reimbursed for the expenses; there is no question that all the other requirements for compensation have been met. As the victim's daughter, the Claimant could have been reimbursed for reasonable funeral and medical expenses for the victim had she paid them herself. As sole heir of the decedent her inheritance was reduced by the amount of these expenses when they were paid by the estate.

In *In re Daill,* 32 Ill. Ct. Cl. 1022, the Court held that, although estates are not specifically included among the class of potential beneficiaries under the Act, an estate may be eligible for benefits if it is shown that the person who would inherit the estate had a portion of their inheritance reduced by an amount they could have been reimbursed or compensated under the Act had they paid the amount themselves.

In the instant case, Adeline Weinstein, as the daughter of the deceased victim, would have been eligible for compensation for the funeral and medical expenses, and thus her inheritance has been reduced accordingly.

Based on the reasoning in the *Daill* case, the order of May 7, 1981, is vacated and the Claimant is entitled to an award based on the following:

| | |
|---|---|
| Funeral expenses | $2,000.00 |
| Medical expenses | 269.76 |
| Total | $2,269.76 |

It is hereby ordered that the sum of two thousand two hundred sixty nine and 76/100 ($2,269.76) dollars be and is awarded to Adeline Weinstein, executor of the estate of Louis Cassel, an innocent victim of a violent crime.